## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN ZAPATA,

       Plaintiff,

       v.                         CASE NO.  16-3114-SAC-DJW

LEVI CONARD, SHAWN McCLAY,
and RENO COUNTY CORRECTIONAL
FACILITY,

       Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Ellsworth County Jail in Ellsworth, Kansas.   The  Court  entered  a Notice and Order to Show Cause ("NOSC") (Doc. 6), finding this action subject to dismissal, and giving Plaintiff time to show good cause why this action should not be dismissed for the reasons stated in the NOSC.  The matter is before the Court upon Plaintiff's Response to the NOSC (Doc. 7) and Plaintiff's Amended Motion to Add a New Defendant to Lawsuit (Doc. 8).

### I.  Nature of the Matter before the Court

In his original Complaint (Doc. 1), Plaintiff alleges that while he was an inmate at the Reno County Correctional Facility his constitutional rights were violated when Defendants opened his legal mail outside of his presence.  (Doc. 1.)  Plaintiff alleges that on April 4, 2016, Defendant Conard opened Plaintiff's legal mail from his attorney outside of Plaintiff's presence. The mail was delivered to Plaintiff the next day.  On May 10, 2016, Plaintiff received mail from the Court consisting of forms, which had been opened outside of his presence.

Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 4), seeking to add claims against Reno County District Attorney Thomas Stanton for harassment, threat and prosecutorial misconduct.  In the NOSC, Magistrate Judge Waxse granted the motion to amend, finding that Plaintiff is entitled to amend his complaint once as a matter of course, *See* Fed. R. Civ. P. 15(a)(1) (a party has the right to amend the complaint once as a matter of course if the amendment is timely filed).  However, Magistrate Judge Waxse found that the new claims set forth in Plaintiff's motion to amend are subject to dismissal.  Plaintiff's response did not address the claims against the District Attorney, and they are dismissed for the reasons set forth in the NOSC.

## III.  DISCUSSION

### 1.  *Legal Mail*

In the NOSC, Magistrate Judge Waxse held that because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation and his claim is subject to dismissal.  (Doc. 6, at 4–5) (citing *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (the Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation."); *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972) (where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts."); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming

2

these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation)).

Plaintiff attempts to cure this deficiency in his Response at Doc. 7. Plaintiff alleges that his legal mail had been opened on three prior occasions, but he "let those slide" since they were only letters informing Plaintiff of his next court date. Plaintiff also alleges that the legal mail opened on April 4, 2016, was examined because the staple was removed, the pages were out of order, and his cell was searched that same day. Plaintiff claims that during the search of his cell, officers went through his legal papers. Plaintiff claims that the District Attorney was aware of information that was included in the letter. Plaintiff also alleges that other inmates had their legal mail opened outside of their presence. In his response, Plaintiff asks for $2,500 in damages from each defendant.

Plaintiff's request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e), which provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in

custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

*Id.*  Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted.  *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (applying § 1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).  Furthermore, Plaintiff is no longer incarcerated at the Reno County Correctional Facility, making any request for injunctive relief moot.  Therefore, Plaintiff's claim regarding his legal mail must be dismissed.  If Plaintiff believes that evidence was wrongly obtained in his criminal proceedings, he should raise that issue in his criminal action.

### 2.  *Amended Motion to Add a New Defendant to Lawsuit*

Plaintiff's amended motion (Doc. 8) seeks to add the Sheriff of Ellsworth County and the Ellsworth County Jail as Defendants.  The allegations in the motion relate to conditions at the Ellsworth County Jail, where Plaintiff is currently incarcerated.  The current action is based on allegations that Plaintiff's legal mail was opened at the Reno County Correctional Facility, where Plaintiff was previously incarcerated.  Plaintiff must follow Rules 20 and 18 of the Federal Rules of Civil Procedure.   FRCP Rule 20 governs permissive joinder of parties and pertinently provides:

> * * * *
>
>  (2) *Defendants*.  Persons . . . may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules

do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligations[1] and the three strikes provisions[2] of the Prison Litigation Reform Act.  *Id.* (Rule 18(a) ensures "that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant.   Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact.  He may not bring multiple claims against multiple defendants unless the prescribed nexus

---

[1]  28 U.S.C. § 1915(b)(1) and (2) pertinently provide: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." To that end, the court "shall assess" an initial partial filing fee, when funds exist, and after payment of the initial fee, the prisoner "shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* Non-prisoner and prisoner litigants alike should not be allowed to combine their unrelated claims against different defendants into a single lawsuit simply to avoid paying another filing fee in a separate lawsuit.  Every litigant is required to responsibly weigh and individually bear, when possible, the costs of his or her decision to pursue litigation of disputes in federal court.

[2]  28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.  The nexus is lacking with respect to the new defendants and new claims alleged in Plaintiff's motion to amend.   Accordingly, Plaintiff's Amended Motion to Add a New Defendant to Lawsuit is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Add a New Defendant to Lawsuit (Doc. 8) is **denied**.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 25th day of January, 2017.**

<u>**S/ Sam A. Crow**</u>
**Sam A. Crow**
**Senior U. S. District Judge**